**LUCILLE A. ROUSSIN**
Attorney at Law
243 West 99 Street
New York, New York 10025
(212) 888-0468
e-mail: lroussin@aol.com

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ APR 16 2015 ★
LONG ISLAND OFFICE

April 15, 2015

VIA ECF

Re: Johnnson, et al. v. Marriott International Inc., et al.
No: 2:14-cv-06517-JFB-ARL

The Honorable Joseph E. Bianco
United States District Court
Eastern District of New York
100 Federal Plaza
Central Islip, N.Y. 11722

Dear Judge Bianco,

    I took on this case of a lost cat as a member of the Animal Law Committee of the New York City Bar. My work on this case for well over a year, was entirely *pro bono*. I am not an experienced litigator. Most of my legal work is involved with helping victims of the Holocaust get reparations for time spent in slave labor or concentration camps and restitution of art confiscated by the Nazis and still in possession of German entities.

    During our conference call last week I had a cat in the last stages of terminal cancer on my lap and a migraine headache. Honestly, I could not have recited my address, much less 28 U.S.C. §1332. Although I am ultimately responsible for the error of including the additional defendants, my client, who has experience as a paralegal, added them to the amended Complaint and I neglected to correct it. It is interesting, however, that Mr. Leary and other attorneys who saw the Complaint either did not notice my error or chose not to correct me.

    Herewith, I voluntarily dismiss the Complaint and request the Court to dismiss the Complaint without prejudice.

    I still believe that some of the defendants were negligent in not following the Johnsons' written instructions to take the cat to a local veterinarian in the carrier that they left at the Residence Inn, and tell the vet that the cat was microchipped and arrangements had been made to transport the cat to JFK, where El Al was ready to accept the carrier for the flight to Tel Aviv.

Sincerely

Lucille A. Roussin

*[Handwritten annotation:]* Pursuant to Rule 41(a)(1)(A), the plaintiff has voluntarily dismissed the case without prejudice. The Clerk of the Court shall close the case.

*[Handwritten date:]* April 16, 2015